IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2111-FL

KIM RAGLAND,                          )
                                      )
            Petitioner,               )
                                      )
      v.                              )                    ORDER
                                      )
E. THOMAS,                            )
                                      )
            Respondent.               )


        Petitioner, a state inmate proceeding pro se, petitions this court for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. The matter is before the court on respondent's motion for summary

judgment (DE 16), filed pursuant to Federal Rule of Civil Procedure 56. Petitioner filed response

in opposition and thus the issues raised are ripe for decision. For the following reasons, the court

grants respondent's motion for summary judgment.

## BACKGROUND

        Petitioner filed the instant habeas petition on June 6, 2017, arguing the state trial court in his

then-pending criminal proceedings violated the speedy trial provisions of the Interstate Agreement

on Detainers Act, 18 U.S.C. App. § 2. On January 19, 2018, the court conducted its frivolity review

of the petition, and directed petitioner to file amended petition providing additional information

about the state judgment of conviction he was attempting to challenge. Petitioner timely filed the

amended petition, and on April 25, 2018, the court allowed the matter to proceed. Respondent filed

the instant motion for summary judgment on May 11, 2018, arguing in part the petition should be

dismissed because petitioner failed to exhaust his state court remedies.

On November 30, 2017, petitioner was convicted in state court of breaking and entering, larceny after breaking and entering, and two counts of possession of stolen goods. (J. & Commitment (DE 18-1)). The state court thereafter sentenced petitioner to three terms of 11-23 months' imprisonment, to run consecutively. (Id.) Petitioner gave notice of appeal of his conviction in open court on November 30, 2017. (Pet'r's Resp. (DE 21) at 1; see also J. & Commitment (DE 18-1) at 3).[1]

## DISCUSSION

A.     Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading" but "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248-49; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party thus "bears the burden of showing, by means of affidavits or other verified evidence, that [a] genuine dispute of material fact exists." Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003). There is no issue for trial unless there is sufficient

---

[1] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

evidence favoring the non-moving party for a jury to return a verdict for that party.  <u>Anderson</u>, 477 U.S. at 250.

B.      Analysis

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief.  <u>See</u> 28 U.S.C. § 2254(b).  To exhaust available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim."  <u>Longworth v. Ozmint</u>, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation omitted).  Section 2254's exhaustion requirement demands that state prisoners give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999).  This "one full opportunity" includes filing petitions for discretionary review with the state supreme court when that review is part of the ordinary appellate procedure in the state.  <u>See</u> <u>id.</u>  A habeas petitioner has the burden of proving that a claim is exhausted.  <u>Mallory v. Smith</u>, 27 F.3d 991, 994 (4th Cir. 1994).

In North Carolina, a petitioner may satisfy the exhaustion requirement of section 2254 by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a motion for appropriate relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari.  <u>See</u> N.C. Gen. Stat. §§ 7A-27, 7A-31, 15A-1422.

Here, petitioner admits in his response brief that he filed his notice of appeal of the relevant North Carolina convictions on November 30, 2017, six months <u>after</u> he filed the instant petition. (Resp. (DE 21) at 3).  Accordingly, petitioner did not exhaust his state court remedies before filing

the instant petition. Petitioner must present his claim to the North Carolina courts, in either his direct appeal or by filing an MAR, before filing a federal habeas petition. O'Sullivan, 526 U.S. at 845; Longworth, 377 F.3d at 448; see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982) (providing that state prisoner seeking habeas relief must "seek full relief first from the state courts" before filing federal habeas petition).

The court therefore dismisses the instant habeas petition without prejudice to allow petitioner to exhaust his state court remedies. A dismissal without prejudice means petitioner may re-file his habeas petition in federal court after exhausting state court remedies.[2]

C.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to

---

[2]The court offers no opinion on the merits or timeliness of petitioner's claims. The statute of limitations to file a § 2254 habeas petition is one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicable was presented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactive to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [subsection (d)(1)]." 28 U.S.C. § 2244(d)(2).

dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find it debatable whether this court was correct in its procedural rulings. Accordingly, a certificate of appealability is denied.

**CONCLUSION**

Based on the foregoing, the court GRANTS respondent's motion for summary judgment (DE 16) and dismisses petitioner's claims without prejudice. The court also DENIES a certificate of appealability.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 11th day of February, 2019.


LOUISE W. FLANAGAN
United States District Judge